UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS SABELLA and KAREN SABELLA, | : | CIVIL ACTION NO. |
| | : | 3:02 CV2008 (SRU) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST GENERATION SERVICES | : | |
| COMPANY and NORTHEAST UTILITIES, | : | DECEMBER 30, 2003 |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DEFENDANTS' MOTION TO STRIKE**

**I.    INTRODUCTION**

In support of their motion for partial summary judgment, the plaintiffs, Thomas Sabella and Karen Sabella, offered, inter alia, the affidavit of Thomas Sabella (the "Sabella Affidavit"), excerpts from the deposition of the Sabellas' broker, Jay L. Morris, and a Marketing Plan/Broker Opinion of Value ("Morris Value Opinion") prepared by Mr. Morris. As discussed in more detail below, because the Sabella Affidavit contains numerous legal arguments, conclusory allegations, hearsay, and other information not based upon the affiant's personal knowledge, most, if not all, of the affidavit must be stricken as improper. In addition, because the plaintiffs have not established that Mr. Morris is competent to testify as to those matters for which the plaintiffs cite him as an

{N0709290}

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law                          Post Office Box 1950
                                          New Haven, CT 06509-1950
                                          Telephone: 203 777-5501

expert, the Court must also strike Mr. Morris' testimony, which is appended to the plaintiffs' Local Rule 56(a)1 Statement as Exhibits H, I, and R, and the Morris Value Opinion, which is appended to the plaintiffs' Local Rule 56(a)1 Statement as Exhibit J.

## II. LEGAL STANDARD

Rule 56(e) of the Federal Rules of Civil Procedure provides that an affidavit in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Because affidavits proffered in support of a motion for summary judgment must be based upon personal knowledge, an affidavit based upon "information and belief" is insufficient as a matter of law. Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 831, 70 S. Ct. 894, 94 L.Ed. 1312 (1950) (affidavit in support of motion for summary judgment made on information and belief does not comport with Rule 56(e)); accord Sellers v. M. C. Floor Crofters, Inc., 842 F.2d 639 (2d Cir. 1988)(striking affidavit where there was "no way to ascertain which portions [of it] were based on personal knowledge, as opposed to information and belief"); In re: Teltronics Services, Inc., 762 F.2d 185, 192 (2d Cir. 1985); Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983).

In addition, in considering motions for summary judgment, the Court may only consider evidence that would be admissible at trial. Samuels v. Doctors Hosp., Inc., 588 F.2d 485, 486 n. 2 (5th Cir. 1979). Hearsay, conclusory allegations, legal arguments, and statements not based upon personal knowledge may be stricken. See Sellers, 842 F.2d at

CARMODY & TORRANCE LLP   195 Church Street
Attorneys at Law   Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501

643 (lack of personal knowledge); <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986) (conclusory allegations and legal arguments).

### III.    ARGUMENT

**A.    The Court Should Strike Those Paragraphs Of The Sabella Affidavit That Are Not Based Upon Mr. Sabella's Personal Knowledge, Put Forth Legal Arguments, Contain Hearsay, Or State Conclusory Allegations**

The Sabella Affidavit (attached hereto as **Exhibit A**) contains twenty-nine (29) numbered paragraphs.[1] In only two paragraphs does Mr. Sabella indicate whether the contents of the affidavit are based upon his personal knowledge or whether they are based upon information or belief. <u>See</u> Sabella Affidavit at ¶7 (information and belief); ¶11 (personal knowledge). It is, therefore, impossible for the defendants and the Court to determine which of the other twenty-seven (27) paragraphs of the Sabella Affidavit are based upon Mr. Sabella's personal knowledge and which are based upon information and belief. Accordingly, the Sabella Affidavit is insufficient to support a motion for summary judgment under Federal Rule of Civil Procedure 56 and should be stricken in its entirety. <u>See</u> <u>Sellers</u>, 842 F.2d at 643; <u>Kamen</u>, 791 F.2d at 1011 (affidavit stricken where it "contains no information to indicate a basis in personal knowledge for the affiant's . . . statement").

---

[1] Although the last paragraph of the Sabella Affidavit is paragraph 28, there are two paragraphs numbered 20.

{N0709290}                                                3

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law                     Post Office Box 1950
                                     New Haven, CT 06509-1950
                                     Telephone: 203 777-5501

Alternatively, to the extent that the Court is able to determine which portions of the Sabella Affidavit are purported to be based on the personal knowledge of the affiant, it should strike those paragraphs of the Sabella Affidavit that contain conclusory allegations, legal arguments, hearsay, or statements not based upon Mr. Sabella's personal knowledge.

**Conclusory Allegations.** Paragraphs 5, 11, 16, 17, 19, both paragraph 20s, and 26 should be stricken because they contain conclusory allegations. Kamen, 791 F.2d at 1011. Relevant excerpts of these paragraphs are below:

5. "The premises... were designed to be used predominantly as warehouse space with some related offices."

11. "NG made various changes, alterations and modifications to the premises which customized the premises for their unique and exclusive needs, namely the service and maintenance of electrical power plants."

16. "As a result of NG's failure to restore portions of the premises to their original condition, the plaintiffs have incurred damages as they relate to: (1) the cost of restoration . . .(2) lost rent. . .; and (3) attorneys' and expert witness fees."

17. "As a result of NG's failure to restore portions of the premises to their original condition, the plaintiffs must now incur substantial costs and expenses, including but not limited to: (i) restoring approximately 1,700 square feet of finished office space on the Mezzanine level which was removed by NG; (ii) restoring three separate working electric meters; (iii) demolishing interior walls . . .(iv) restoring walls and doors...(v) restoring male and female restroom facilities; (vi) removing a large concrete ramp in the middle of the premises; (vii) removing air conditioning units...and (viii) restoring original telecommunications equipment..."

19. "...Moreover, NG's customized alterations so modified the premises that few, if any, prospective tenants could utilize the space within the premises..."

{N0709290}    4

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
    New Haven, CT 06509-1950
    Telephone: 203 777-5501

20.  "...[T]he plaintiffs have had extreme difficulty in re-renting the premises to new tenants primarily because NG's alterations customized the premises for its very unique and specific needs, namely the service and maintenance of electrical power plants.....As a result, this has made it difficult to rent the premises to new tenants who are primarily interested in renting open warehouse space."

20.  "As a result of NG's failure to restore portions of the premises to the original condition, the plaintiffs have incurred damages in the form of lost rent due to the inability to rent out the entire premises to new tenants..."

26.  "As a result of NU's breach of its Performance Guaranty, the Plaintiffs have incurred damages as set forth above in my Affidavit including: (1) the cost of restoration . . .(2) lost rent. . .; and (3) attorneys' and expert witness fees."

**Legal Arguments.** Paragraphs 19, 22, 26, and 27 are improper and should be stricken because they contain legal arguments. Kamen, 791 F.2d at 1011. Relevant portions of these paragraphs are below:

19.  "<u>The proper theory of damages</u> in this case is the cost to restore the premises to the original condition prior to NG's occupancy..." (emphasis added).

22.  "Accordingly, the Plaintiff's motion for partial summary judgment should be granted..."

26.  "<u>As a result of NU's breach of its Performance Guaranty</u>, the Plaintiffs have incurred damages as set forth above in my Affidavit including: (1) the cost of restoration . . .(2) lost rent. . .; and (3) attorneys' and expert witness fees." (emphasis added).

27.  "Accordingly, the Plaintiffs' motion for partial summary judgment should be granted since the Plaintiffs have unequivocally established the following: (1) NU executed a Performance Guaranty that irrevocably and unconditionally guaranteed full and prompt performance of NG's obligations under the Lease; (2) NU irrevocably, unconditionally, and expressly waived notice with respect to any of the Guaranteed Obligations

{N0709290}                                5

CARMODY & TORRANCE LLP        195 Church Street
Attorneys at Law              Post Office Box 1950
                              New Haven, CT 06509-1950
                              Telephone: 203 777-5501

under the Lease; (3) NU has admitted that it has made no efforts to restore the premises to the original condition; and (4) Plaintiffs have incurred damages as a result of NU's breach of the Performance Guaranty."

**Hearsay.** Paragraph 18 and the first paragraph 20 should be stricken because they contain hearsay statements. These paragraphs refer to statements of individuals other than the deponent. If offered at trial, such testimony would be inadmissible hearsay if offered for the truth of its contents. Accordingly, the Court must disregard these paragraphs as unverified and inadmissible hearsay. Samuels 588 F.2d at 486 n. 2; Sellers, 842 F.2d at 643. Relevant portions of the hearsay paragraphs are below:

18.   "Mr. Dayharsh advised me that the total cost to restore the premises was $283,730.00."

20.   "…[T]he plaintiffs have had extreme difficulty in re-renting the premises to new tenants primarily because NG's alterations customized the premises for its very unique and specific needs, namely the service and maintenance of electrical power plants…..As a result, this has made it difficult to rent the premises to new tenants who are primarily interested in renting open warehouse space," citing deposition testimony of Jay L. Morris.

**Information and Belief.** Paragraph 7 of the Sabella Affidavit should be stricken because it expressly states that it is based on "information and belief" rather than personal knowledge. Sellers, 842 F.2d at 643. Paragraph 7 of the Sabella Affidavit states:

7.   "Upon information and belief, NG is engaged in the business of servicing and maintaining electrical power plants."

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law           Post Office Box 1950
                           New Haven, CT 06509-1950
                           Telephone: 203 777-5501

**B.     The Court Should Strike Exhibits H, I, J, And R To The Plaintiffs' Local Rule 56(a)1 Statement**

Because the plaintiffs have not shown that their broker, Jay L. Morris, is competent to testify in support of the plaintiffs' claims regarding the value of the Premises or why it may be difficult to rent the Premises, the Court must strike Exhibits H, I, J, and R to the plaintiffs' Local Rule 56(a)1 Statement, all of which rely on Mr. Morris as a purported expert. As the defendants explained in their Memorandum of Law in opposition to the plaintiffs' motion for partial summary judgment and in support of the defendants' cross-motion for summary judgment, Mr. Morris is neither qualified nor competent to give an opinion as to the value of the Premises or as to why it may be difficult to rent the Premises. Mr. Morris holds no licenses or certifications other than his broker's license. See Deposition of Jay Morris at 10 (attached hereto as **Exhibit B**). In fact, Mr. Morris is not a certified appraiser and has no appraisal training beyond the courses he took while enrolled in the University of Connecticut's real estate certification program, and he has never been found qualified as an expert witness to give an opinion as to value in any court. Id. at 121. Therefore, any testimony that Mr. Morris offers regarding the value of the Premises and why it may be difficult to rent them should be disregarded as improper. In addition, Mr. Sabella admits that he never obtained an appraisal of the Premises from a qualified appraiser and that Mr. Morris never performed an appraisal of the property. See Deposition of Thomas Sabella at 47 (attached hereto as **Exhibit C**). Accordingly, the Court must strike the excerpts of Mr. Morris' testimony

{N0709290}                                         7

and the Morris Value Opinion that the plaintiffs offer in support of their motion for partial summary judgment.

## IV.    CONCLUSION

Because Paragraphs 5, 7, 11, 16, 17, 18, 19, both paragraph 20s, 22, 26, and 27 of the Sabella Affidavit contain conclusory allegations, legal arguments, hearsay, and/or statements based upon information or belief, they must be stricken as improper. In addition, Exhibits H, I, J, and R to the plaintiffs' Local Rule 56(a)1 Statement must be stricken as improper because they contain the Morris Value Opinion, prepared by Jay Morris, an individual not competent to testify regarding the matters for which he is cited as an authority, and also contain excerpts of Mr. Morris' deposition testimony.

Dated: December 30, 2003

THE DEFENDANTS,
NORTHEAST GENERATION SERVICES COMPANY
and NORTHEAST UTILITIES

BY: _____
ANN H. RUBIN (ct04486)
Carmody & Torrance LLP
195 Church Street; 18th Floor
P.O. Box 1950
New Haven, CT 06509-1950
Phone: 203-777-5501
Facsimile: 203-784-3199
Email: arubin@carmodylaw.com

Their Attorneys

{N0709290}                                8

CARMODY & TORRANCE LLP      195 Church Street
Attorneys at Law            Post Office Box 1950
                            New Haven, CT 06509-1950
                            Telephone: 203 777-5501

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Philip M. Halpern, Esq.
Harry J. Nicolay, Jr., Esq.
Collier, Halpern, Newberg, Nolletti & Bock, LLP
One North Lexington Avenue
White Plains, NY  10601
Phone: 914-684-6800
Facsimile: 914-684-6986
Email: phalpern@chnnb.com
Email: hnicolay@chnnb.com

Duncan Ross MacKay, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT  06141-0270
Phone: 860-665-3495
Facsimile: 860-665-5504
Email: mackadr@nu.com

*Courtesy Copy:*

Chambers,
The Hon. Holly B. Fitzsimmons
U.S. Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

                                                             */s/ Ann H. Rubin*
                                                             Ann H. Rubin

{N0709290}    9

CARMODY & TORRANCE LLP    195 Church Street
Attorneys at Law    Post Office Box 1950
New Haven, CT 06509-1950
Telephone: 203 777-5501