UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS SABELLA and KAREN SABELLA, | : | CIVIL ACTION NO. |
| | : | 3:02 CV2008 (SRU) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| NORTHEAST GENERATION SERVICES | : | |
| COMPANY and NORTHEAST UTILITIES, | : | FEBRUARY 12, 2004 |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendants submit this reply brief in response to plaintiffs' memorandum in opposition to motion for summary judgment dated January 29, 2004.

**I.      <u>Defendants Are Not Required To Affirmatively Plead Economic Waste.</u>**

Contrary to plaintiffs' assertion, defendants do not have the burden of affirmatively **pleading** the doctrine of economic waste. Connecticut law does not require that a party asserting economic waste affirmatively plead this equitable doctrine. Plaintiffs cite the court to the case of <u>Mitchell v. Madison Enterprises</u>, 1997 WL 297725 (Conn. Super. 1997)(cited at pages 5-6 of plaintiffs' memorandum in opposition to defendant's cross-motion for summary judgment, "Plaintiff's Memorandum"), a decision of the Connecticut Superior Court, for the proposition that economic waste must be affirmatively plead. This citation is improper—the case

{N0713897}

simply does not so hold.  Rather, the case stands for the proposition that the party that invokes the economic waste doctrine has the burden of proving economic waste. Mitchell, supra, at 10.

## II.     Defendants' Appraisal Is Properly Before The Court.

Defendants timely disclosed to plaintiffs the appraisal of their expert, and plaintiffs' argument to the contrary is improper.  The initial deadline for disclosure of defendant's experts was June 27, 2003.  **Plaintiffs** requested that defendants permit them additional time to disclose their experts, and defendants agreed.  In connection with plaintiffs' request for additional time, plaintiffs agreed to extend by the same time period the deadline for defendants' disclosure of experts.  This agreement is documented in the letter of April 29, 2003, submitted herewith with the Affidavit of defendant's counsel, Ann H. Rubin.  In fact, defendants served its disclosure of expert on July 2, 2003, well before the deadline.

It is undisputed that plaintiffs never requested the deposition of the appraiser, nor did they disclose any witness to testify as to the value of the premises.  Defendants submit herewith the affidavit of their expert appraiser in further support of their motion for summary judgment, and in opposition to plaintiffs' motion.  Contrary to plaintiffs' assertion, the appraisal is properly before this court.

{N0713897}                                          2

### III. Thomas Sabella Is Not Competent To Testify As To The Hypothetical Value of The Property, Or To Its Value At the Commencement Of The Lease.

Connecticut law permits an owner of real property to testify as to his opinion concerning the value of the property in its actual state, and only during the period of ownership. This is an exception to the general rule that only a duly qualified expert is competent to provide opinion testimony. The cases that created this exception did so based on the rationale that an owner of property "knows what he has," and is therefore competent to give an opinion of value based on his personal knowledge of the property. See Misisco v. LaMaita, 150 Conn. 680 (1963)(Proper to permit owner to testify as to value of property "[i]n view of the fact that the plaintiff had occupied the property for at least five years and had the opportunity of becoming acquainted with its value.") Contrary to the argument advanced by plaintiffs, the exception does not permit Mr. Sabella to offer opinion testimony as to the hypothetical value of the premises (if restored). Plaintiffs provide no authority for this proposition, and it should be disregarded by the court. Nor does the rationale that created the exception permit an owner to provide an opinion as to the hypothetical value of the property, because the owner can only "know what he has."

Similarly, although Mr. Sabella is competent to testify as to his opinion of the value of the property in its actual condition during the period of his ownership, the value of the property on the date of his purchase is irrelevant to the issue before the court. For the purpose of assessing diminution in value, if any, the only relevant dates are (1) the date that the lease between NGS and plaintiffs' predecessor, Har-Flan

{N0713897}                          3

Associates, commenced (June 1, 1999), and (2) the date of the alleged breach (the date the lease terminated, July 31, 2002). It is undisputed that Mr. Sabella purchased the property on September 29, 2000, after the lease commenced. Defendant's Local Rule 56(a)(1) Statement, Paragraph 9, and Plaintiffs' Response. The value of the property on the date he purchased it is irrelevant to the diminution in value analysis, and the court should therefore disregard Mr. Sabella's opinion as to the value of the property on that date. Because Mr. Sabella was not the owner of the property at the date that the lease commenced, he is not competent to testify as to its value as of that date. Plaintiffs have provided the court with no citations to the effect that an owner of real property is competent to testify as to its value at a time when he was **not** the owner. Defendants also note that, to the extent that Mr. Sabella offers testimony as to the value of the premises, "expert" testimony must comply with the rules controlling disclosure of experts. Federal Rule of Civil Procedure, Rule 26(a)(2). Plaintiffs have not disclosed Mr. Sabella to give opinion testimony as to the value of the property.

**IV.     The Record Conclusively Establishes The Nature and Cost of the Improvements To The Property; And the Economic Waste and Windfall To Plaintiffs That Would Result From "Restoration" of the Premises.**

It is undisputed that defendants invested $1.3 million in improvements to the premises; that the property's value is greater with the improvements than without them at the only relevant dates; and that the cost to "restore" is claimed by plaintiffs to be $283,000. Accordingly, the "restoration" sought by plaintiffs would create economic waste and a windfall to plaintiffs.

There is ample and undisputed evidence in the record before the court that defendants invested $1.3 million in improvements to the premises. Affidavit of James Donohue, submitted herewith. Plaintiffs admit that defendants invested $700,000 in improvements. See Letter from Thomas Sabella to James Donohue, submitted as Exhibit B to the Affidavit of Ann H. Rubin. Thomas Sabella testified at his deposition that "It was my understanding that they spent approximately $700,000" on the premises. Sabella Deposition Transcript at 69. Sabella testified that he "convinced" himself "that they probably had spent $700,00." Transcript at 74. Excerpts from the Sabella Deposition Transcript are attached as Exhibit C to the Affidavit of Ann H. Rubin, submitted herewith.

Defendants' Local Rule 56(a)(1) Statement contains extensive information about the improvements defendant made to the premises. See, e.g., Paragraphs 6, 11. Defendants' Responses to Interrogatories, No. 3, describes the improvements to the premises. The interrogatory response is attached as Exhibit E to the Affidavit of Ann H. Rubin, submitted herewith. Plaintiffs allege that defendants made "improvements" to the premises. Complaint, Paras. 16, 17. While plaintiffs now attempt to deny these statements, the denials do not meet the substance of the facts alleged.

There is also ample evidence in the record before the court that the value of the premises was increased by the improvements. Affidavit of Arnold Grant. While plaintiffs now attempt to dispute this valuation with Thomas Sabella's opinion as to the value of the property, this attempt fails to create the "genuine" dispute required by Rule 56(c) to defeat the entry of summary judgment in favor of defendants. Even if

{N0713897}                                   5

the court accepts as true for purposes of the pending motions Mr. Sabella's opinion that the property was worth less in an "unrestored" state than it would have been if "restored" on the day that the lease terminated, there is no competent evidence before the court that such value was less than the value of the property at the time that the lease commenced.

**V.     Plaintiffs' Analysis Of The Economic Waste Doctrine As Applied To This Case Is Simply Wrong.**

Plaintiffs assert (at pages 6-9 of their Memorandum) that the economic waste doctrine should be applied only where the cost to restore exceeds the value of the premises. Plaintiffs' argument is fundamentally flawed. The proper analysis compares the diminution in value of the property in an "unrestored" state with the cost of restoring. Spera v. Audiotape Corp., 1 Conn. App. 629, 633 (1984); Friedman on Leases. In this case, defendants' expert appraisal shows that there is no diminution in value of the property in its "unrestored" state; and that the cost of the restoration is at least $283,000. Therefore, "restoration" of the property will cause economic waste. In any event, the difference between the value of the property in its restored state and its value without restoration is a proper measure of damages even in situations where no economic waste is involved. See, McCahill v. Town & Country Associates, Ltd., 185 Conn. 37 (1981).

**VI.    The Holding in *Spera v. Audiotape Corp.* Is Dispositive, And Plaintiffs' Attempt To Avoid The Holding Is Unavailing.**

In Spera v. Audiotape Corp., 1 Conn. App. 629(1984), the Connecticut Appellate Court held that diminution in value, rather than the cost of restoration, is the

{N0713897}                                6

proper measure of damages "whenever the cost of restorations is dramatically larger than is the difference in value." Id. at 633 (citations omitted). The court noted that the purpose of the rule was to avoid unreasonable economic waste. Id. Defendants refer the court to the extensive discussion of the Spera case in their initial brief, at 9-12.

      Plaintiffs attempt to avoid the holding in Spera (plaintiffs' memorandum at 14-16), by arguing that the facts in Spera are different from the facts in this case. While certainly there are factual differences between the two cases, those differences are not material to the clear and unequivocal holding of the case. Plaintiffs' attempt to distinguish Spera is without merit, and should be disregarded by the court. The factual differences asserted by plaintiffs are simply not material to the Spera court's analysis and holding, which are equally (if not more) applicable to this case. First, while plaintiffs correctly point out the "restoration" clauses in the two leases do not contain precisely the same words, both plainly require that the tenant "restore the premises to original condition" (Sabella) or "put the premises back in the same condition" (Spera) that they were at the commencement of the lease. Second, while plaintiffs assert that there was "a possibility of economic waste" in Spera, they offer no support for their assertion, or for their conclusion that the Spera court only held that diminution in value was the proper measure of damages because the cost to restore "approached 50% of the value of the building."

## VII. Conclusion

For all of the foregoing reasons, as well as the reasons stated in defendants' memorandum of law in support of their cross-motion for summary judgment, and in opposition to plaintiffs' motion for summary judgment, defendants respectfully request that the court order summary judgment for defendants.

Dated: February 12, 2004

        THE DEFENDANTS,
        NORTHEAST GENERATION
        SERVICES COMPANY
        and NORTHEAST UTILITIES


BY:   /S/ ANN H. RUBIN
        ANN H. RUBIN (ct04486)
        Carmody & Torrance LLP
        195 Church Street; 18th Floor
        P.O. Box 1950
        New Haven, CT 06509-1950
        Phone: 203-777-5501
        Facsimile: 203-784-3199
        Email: arubin@carmodylaw.com

        Their Attorneys

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the following:

- Defendants' Reply Brief in Support of Their Motion for Summary Judgment;
- Affidavit of Ann H. Rubin;
- Affidavit of Arnold J. Grant, III; and
- Affidavit of James Donohue in Opposition to Plaintiffs' Motion for Partial Summary Judgment and in Support of Cross Motion for Summary Judgment

have been mailed, postage prepaid, on this 12th day of February, 2004, to:

Philip M. Halpern, Esq.
Harry J. Nicolay, Jr., Esq.
Collier, Halpern, Newberg, Nolletti & Bock, LLP
One North Lexington Avenue
White Plains, NY  10601
Phone: 914-684-6800
Facsimile: 914-684-6986
Email: phalpern@chnnb.com
Email: hnicolay@chnnb.com

Duncan Ross MacKay, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT  06141-0270
Phone: 860-665-3495
Facsimile: 860-665-5504
Email: mackadr@nu.com

*Courtesy Copy by Hand Delivery:*

Chambers,
The Hon. Holly B. Fitzsimmons
U.S. Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

                                              /S/  ANN H. RUBIN
                                              Ann H. Rubin