## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS SABELLA and KAREN SABELLA, | : | CIVIL ACTION NO. |
| | : | 3:02 CV2008 (SRU) |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| NORTHEAST GENERATION SERVICES | : | |
| COMPANY and NORTHEAST UTILITIES, | : | MARCH 16, 2004 |
| | : | |
| Defendants. | : | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO STRIKE

Defendant submits this memorandum of law in opposition to plaintiffs' motion

to strike the appraisal of Arnold Grant, and certain statements contained in defendants'

Rule 56 Statement.  The court should deny the motion to strike.

### I.      Background

Defendant submitted the appraisal of Arnold Grant in support of its cross-

motion for summary judgment, and in opposition to plaintiffs' motion for summary

judgment, under date of December 29, 2003.  Under date of February 12, 2004,

defendant submitted the affidavit of Arnold Grant, in further support of its cross

motion for summary judgment.  As indicated in his affidavit, a copy of which is

attached hereto as Exhibit 1, Mr. Grant is an expert appraiser who performed an

appraisal of the property whose value is at issue in this action.  In his affidavit, Mr.

Grant certified that all of the information contained in his appraisal report, including

the statement of his qualifications and his opinions, was true and accurate; and that his

{N0715446}

opinions as to the value of the property were set forth in his report.  In addition, the

report itself includes the certification of the appraiser that, inter alia, "[o]ur reported

analyses, opinions, and conclusions were developed, and this report has been prepared,

in conformity with the requirements and the Code of Professional Ethics and

Standards of Professional Appraisal Practice of the Appraisal Institute."

II.     **The Affidavit and Report of Arnold Grant Are Admissible and Should Be Considered By The Court**

In considering a motion for summary judgment under Rule 56, the court should

consider information that is admissible at trial.  Rule 56(e).  Plaintiffs simply assert

that the court should strike the Grant appraisal because it is hearsay.  Plaintiffs are

incorrect. The Grant appraisal and affidavit are admissible under Rules 702 through

706 of the Federal Rules of Evidence, which govern the admissibility of opinions and

expert testimony.

The admissibility of expert testimony is determined under Rules 702 through

706 of the Federal Rules of Evidence.  Rule 702 addresses whether the witness is

qualified to express an expert opinion.  Rule 703 addresses the facts and data that

serve as a basis for the expert opinion. To be admissible under Rule 703, the expert's

opinions need not be based on personal observations.  And, contrary to plaintiffs'

claims, the facts or data on which the expert relies need not themselves be admissible

in evidence.  See Christophersen v. Allied-Signal Corporation, 939 F.2d 1106, 1110-

1111 (5th Cir. 1991).  In fact, courts routinely and properly consider the substance of

affidavits and reports of expert witnesses in summary judgment proceedings.  See,

e.g., Bieghler v. Kleppe, 633 F.2d 531 (9th Cir. 1980).

{N0715446}

In this case, plaintiffs have asserted no challenge to Mr. Grant's qualifications as an expert witness, nor have they asserted that Mr. Grant relied on information or used methodologies that were not widely accepted in the field of real property appraisal. The comparable sales or comparable rental method is a widely accepted method of real estate appraisal, and application of the method requires the use of sales or rental data about properties other than the subject. <u>See</u>, <u>e.g</u>., C.G.S. §12-63(b); Jupiter Realty Company v. Board of Tax Review, 242 Conn. 363 (1997).  Upon close examination, plaintiffs' principal complaint about the appraisal is that it is based on "unadmitted and unproduced documents," and "undocumented contracts between non-parties."  Plaintiffs' Memorandum of Law In Support of Motion to Strike, at 4. Plaintiffs' argument misapprehends the controlling law, and ignores the pertinent facts.

Rule 705 of the Federal Rules of Evidence provides in pertinent part that "the expert may testify…without first testifying to the underlying facts or data…The expert may in any event be required to disclose the underlying facts or data on cross-examination."   Defendants disclosed the Grant appraisal in July of 2003.  Plaintiffs chose not to depose Mr. Grant, or seek production of his file, or conduct any discovery with respect to Mr. Grant's opinions and the basis for those opinions as stated in his report.  Plaintiffs never raised their complaints about Mr. Grant's report before they filed the motion now before the court.  Having declined to conduct discovery of Mr. Grant concerning his report, and the information on which his opinions are based,

plaintiffs cannot now complain that the report should be excluded because it

references information plaintiffs have not reviewed.

     For all of the foregoing reasons, the court should deny the motion to strike the

Grant appraisal and the referenced portions of defendants' Rule 56 Statement.

Dated: March 16, 2004

          THE DEFENDANTS,
          NORTHEAST GENERATION SERVICES
          COMPANY and NORTHEAST UTILITIES


BY:   /S/ ANN H. RUBIN
       ANN H. RUBIN (ct04486)
       Carmody & Torrance LLP
       195 Church Street; 18th Floor
       P.O. Box 1950
       New Haven, CT 06509-1950
       Phone: 203-777-5501
       Facsimile: 203-784-3199
       Email: arubin@carmodylaw.com

       Their Attorneys

{N0715446}

## CERTIFICATE OF SERVICE

   This is to certify that a copy of the  foregoing **Defendant's Memorandum of Law in Opposition to Motion to Strike** has been mailed, postage prepaid, on this 16th day of March, 2004, to:

Philip M. Halpern, Esq.
Harry J. Nicolay, Jr., Esq.
Collier, Halpern, Newberg, Nolletti & Bock, LLP
One North Lexington Avenue
White Plains, NY  10601
Phone: 914-684-6800
Facsimile: 914-684-6986
Email: phalpern@chnnb.com
Email: hnicolay@chnnb.com

Duncan Ross MacKay, Esq.
Northeast Utilities Service Company
P.O. Box 270
Hartford, CT  06141-0270
Phone: 860-665-3495
Facsimile: 860-665-5504
Email: mackadr@nu.com

*Courtesy Copy by Hand Delivery:*

Chambers,
The Hon. Holly B. Fitzsimmons
U.S. Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

           /S/ ANN H. RUBIN
           Ann H. Rubin

{N0715446}