UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
THOMAS SABELLA and KAREN SABELLA,

                Plaintiffs,

   -against-

NORTHEAST GENERATION SERVICES           Civil Action
COMPANY and NORTHEAST UTILITIES,         Docket No. 3:02CV1122 (SRU)

                Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE APPRAISAL AND CERTAIN PARAGRAPHS OF DEFENDANTS' RULE 56 STATEMENT

### PRELIMINARY STATEMENT

Defendants' silence in their opposition to plaintiffs' motion to strike the appraisal implicitly confirms the substantive statements contained within plaintiffs' motion. Defendants concede that their "expert" lacks any first-hand knowledge of the original condition of the building. Defendants further admit that single and double hearsay is rampant throughout the report and that their expert failed to identify or produce the documents that substantiate the work in the report. Indeed, beyond the expert's signature attesting to the report and its content, the report would be devoid of any indicia of reliability. Building on this factual void, defendants have neglected to meet their burden of proof and provide a legal basis for the Court to allow for the report's acceptance. The plaintiffs, therefore, request that the Court grant their instant motion and strike the report, together with references to the report, or other form of reliance, within the defendants' papers in opposition to summary judgment and in support of their own cross-motion for summary judgment.

**STATEMENT OF FACTS**

Plaintiffs Thomas and Karen Sabella provided all the facts necessary to the instant motion to strike the appraisal in their "Memorandum of Law in Support of Plaintiffs' Motion to Strike the Appraisal and Certain Paragraphs of Defendants' Rule 56 Statement," dated February 13, 2004 ("Pl. Mem."), and the accompanying "Affidavit in Support [of Harry J. Nicolay, Jr.]," sworn to February 13, 2004 ("Nicolay Aff."). Defendants, in opposing the motion, have not submitted or referred to any factual representations. Plaintiffs, accordingly, respectfully refer the Court to those documents that they originally submitted to the Court.

**ARGUMENT**

**THE COURT SHOULD STRIKE THE INADMISSIBLE APPRAISAL AND DEFENDANTS' STATEMENTS THAT RELY UPON IT**

The extensive presence of hearsay within defendants' expert appraisal precludes its use in the pending cross-motions for summary judgment. A party moving for or opposing summary judgment, typically, may only rely on admissible evidence. *Samuels v. Doctors Hosp., Inc.*, 588 F.2d 485, 486 n. 2 (2d Cir. 1979). The federal rules detail the limited exceptions to this rule with respect to an expert's testimony. *See* Fed. R. Evid. 702 and 703. A party seeking to rely on an expert's opinion must demonstrate a) that the expert relied on facts and data of the type relied upon by experts in the field and b) that this reliance is reasonable. *Id. See* Charles Wright and Victor Gold, 29 *Federal Practice and Procedure* at § 6274 (West 1997); *see also Soden v. Freightliner Corp.*, 714 F.2d 498, 505 (5th Cir. 1983)(noting that "though courts have afforded experts a wide

latitude in picking and choosing sources on which to base opinions, Rule 703 nevertheless requires courts to examine the reliability of those sources"). The Court serves the gatekeeper to assess and determine the admissibility of any proffered testimony. *See Baumholser v. Amax Coal Co.*, 630 F.2d 550, 553 (6th Cir. 1980)(citing *Standard Oil Co. v. Moore*, 251 F.2d 188 (9th Cir. 1957)). Defendants' refusal to address let alone meet this burden requires the striking of the report.

Plaintiffs have demonstrated, and defendants have implicitly conceded, that their expert's opinion is founded on inadmissible hearsay evidence. *See* Pl. Mem. at 3-6. Although the expert report acknowledges that the defendants' appraiser never visited the site prior to its alteration and that a substantial difference of opinion exists with respect to the work performed, the report provides an opinion of what work defendants performed on the building in 1999. *See* Nicolay Aff., Exh. A at 17-19. The $700,000 difference between defendants' own stated estimate of the cost of the work they performed and defendants' expert illustrates both the absence of any reliable information and how the expert's report fails to "assist the trier of fact to understand the evidence or to determine a fact in issue ...." Fed. R. Evid. 702. The report further relies on a vast array of inadmissible information to manufacture purported comparable data and rates. Defendants' expert report provides a list of allegedly comparable lease properties and their rental contracts without defendants' expert identifying a single source for this information. The absence of any identification for their source reduces this Court to wondering whether the information is accurate, hearsay statements, multi-hearsay statements or random guessing on the expert's part. Indeed, in failing to identify a single source for its information, defendants' "expert" is guilty of the one error every high school student is taught to correct before turning in a report. Ultimately, the Court should reject this

unattributed information because, again, it fails to assist the Court in understanding evidence or determine an issue of fact.

Defendants, furthermore, in relying on the rules of evidence, have failed to meet their burden of proof for demonstrating the admissibility of the report. As already noted, defendants bore a two-part burden and they have failed to address either aspect of the burden. *See* Charles Wright and Victor Gold, 29 *Federal Practice and Procedure* at § 6274 (West 1997). Defendants have not discussed, let alone shown, that their expert relied upon data and facts of the type relied upon by experts in their field. Beyond mouthing the words of the first half of the test in their responding brief,[1] *see* "Defendant's Memorandum of Law in Opposition to Motion to Strike, dated March 16, 2004 ("Opp Mem.") at 3, defendants have not offered any sworn statement from their expert as to the source of their expert's information or why appraisers typically rely on that information.

Defendants' single-sentence mention of their expert's standard compares favorably, however, with their complete failure to show why their expert's reliance on the data was reasonable. *See generally* Opp. Mem. (failing to consider this half of their burden). Defendants' silence and inability to demonstrate to the Court why reliance on inadmissible data would be reasonable strikes the death

---

[1] Defendants' authority, Opp. Mem. at 3, does not support its cause. *Jupiter Realty Co. v. Board of Tax Review*, 242 Conn. 363, 698 A.2d 312 (1997), concerns the issue of statutory construction and a tax payers ability to challenge the assessment of his home during an interim year. *Id.* at 364, 698 A.2d at 313 (labeling this as the dispositive issue). Defendants' statutory authority provides even less support. Conn. Gen. Stat. § 12-63b addresses the valuation of rental income real property. *See* Conn. Gen. Stat. § 12-63b (providing three different elements for valuating the property for tax assessment purposes). Defendants, however, offer their appraiser's report to provide estimated market lease rates for the building. *See* "Memorandum of Law of Northeast Generation Services Company and Northeast Utilities in Opposition to Plaintiffs' Motion for Partial Summary Judgment and in Support of Cross Motion for Summary Judgment," undated, at 20-21. The formula specified within the statute might intersect but has no direct correlation with the estimation of annual market rates. In short, the cited authority fails to support defendants' attempt to meet the first half of its burden of proof.

knell for the report and requires its removal from any role in the cross-motions for summary judgment. In short, the Court should strike the report and all references to it because it is founded entirely on inadmissible evidence and does not help the Court "to understand the evidence or to determine a fact in issue ...."

Defendants' added reliance on Rule 705 is misplaced and has no application to the pending cross-motions for summary judgment. Opp. Mem. at 3. Rule 705 addresses the order of presentation of evidence, most typically at trial. *See* Fed R. Evid. 705, Advisory Committee's Note (stating that "[t]he elimination of the requirement of preliminary disclosure at trial of underlying facts or data has a long background of support). As a purely trial-centered rule, Rule 705 has no application in the instant motion.

## CONCLUSION

The Sabella's request that the Court strike the Grant Appraisal from the defendants' Rule 56 Statement, Exhibit L, as well as paragraphs 17 through 20 and 27, which are wholly founded on that document, as well as all other direct or indirect references to the report in defendants' summary judgment papers. The overwhelming presence of hearsay evidence throughout the report, the authors failure to identify the sources of their information and the report's basic inability to assist the Court provide ample grounds for the Court to grant the instant motion. The plaintiffs, accordingly, request that the Court grant their motion in full, together with such other, further and different relief as the Court may deem just and proper in the circumstance and the costs and disbursements of this motion.

Dated: White Plains, New York
       March 29, 2004

                      COLLIER, HALPERN, NEWBERG,
                      NOLLETTI & BOCK, LLP
                      Attorneys for Plaintiffs

By: _____
      Harry V. Nicolay, Jr., Esq., (CT24875)
      a Member of the Firm
      One North Lexington Avenue
      White Plains, N.Y. 10601
      (914) 684-6800

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 29, 2004, a copy of the foregoing "Reply Memorandum of Law in Support of Plaintiffs' Motion to Strike the Appraisal and Certain Paragraphs of Defendants' Rule 56 Statement," dated March 29, 2004, has been served upon the following counsel of record by depositing a true copy thereof in a properly addressed wrapper, deposited in an official depository of -- an overnight courier service -- Federal Express, located at One North Lexington Avenue, White Plains, New York 10601, marked for overnight delivery, prior to the latest time designated by Federal Express for overnight delivery, with confirmation of delivery requested:

To:    Ann H. Rubin, Esq.
         Carmody & Torrance LLP
         195 Church Street, 18th Floor
         P.O. Box 1950
         New Haven, Connecticut 06509-1950

         Duncan R. MacKay, Esq.
         Northeast Utilities Service Company
         P.O. Box 270
         Hartford, Connecticut 06141-0270

*Courtesy Copy:*
Chambers,
Honorable Holly B. Fitzsimmons
United States Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Chambers,
Honorable Stefan R. Underhill
U.S. District Judge
U.S. District Court, District of Connecticut
915 Lafayette Boulevard, 4th Floor
Bridgeport, Connecticut 06604

                                                       Harry J. Nicolay, Jr. (CT24875)